IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN V. WILKINS,     *

Petitioner,     *

v.     *     Civil Action No. PWG-13-677

KATHLEEN GREEN, *et al.*,     *

Respondents.     *

   ***

## MEMORANDUM OPINION

Respondents assert that the above-captioned petition for writ of habeas corpus should be dismissed because it is time-barred. ECF No. 6. Petitioner has filed a reply asserting that he is entitled to equitable tolling of the one-year filing period. ECF No. 8. The court finds a hearing in this matter unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* & Local Rule 105.6 (D. Md. 2011); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

In April of 2008, petitioner John V. Wilkins (hereinafter "Wilkins") was convicted of armed robbery, first degree assault, false imprisonment, reckless endangerment, illegal use of handgun, and burglary following a jury trial in the Circuit Court for Dorchester County. ECF No. 6 at Ex. 1 & 2. On June 9, 2008, Wilkins was sentenced to serve 65 years, with 15 years suspended. ECF No. 1 at p. 1. The Court of Special Appeals of Maryland affirmed Wilkins's conviction on December 15, 2009, with the court's mandate issuing on January 14, 2010. ECF No. 6 at Ex. 2. Wilkins did not seek certiorari review with the Court of Appeals of Maryland; therefore, his judgment of conviction became final on January 29, 2010, when the time for seeking further review expired. *See* Md. Rule 8-302 (petition for a writ of certiorari must be filed no later than 15 days after issuance of mandate by Court of Special Appeals).

On January 10, 2011, Wilkins filed a petition for post-conviction relief in the Circuit Court for Dorchester County. ECF No. 6 at Ex. 1, p. 20. On July 8, 2011, the post-conviction court granted Wilkins the right to file a belated motion for reconsideration of sentence, but otherwise denied relief. *Id.* at p. 23. Wilkins did not file a timely application for leave to appeal the denial of post-conviction relief, which became final on August 8, 2011, when the time for filing an application expired. *See* Md. Rule 8-204 (application for leave to appeal to be filed within 30 days of date of judgment from which appeal sought).

On September 30, 2011, Wilkins filed a motion for modification or reduction of sentence, which was denied on October 27, 2011. ECF No. 6 at Ex. 1, p. 24. On November 18, 2011, Wilkins sought reconsideration of the ruling denying modification of his sentence; his request was denied on December 9, 2011. *Id.* at pp. 24–25. On January 23, 2012, Wilkins filed an untimely application for leave to appeal the adverse rulings of the post-conviction court.[1] *Id.* at Ex. 3. The application for leave to appeal was denied summarily by the Court of Special Appeals on December 5, 2012, with the court's mandate issuing on January 7, 2013. *Id.* at Ex. 4.

Wilkins's deadline for filing a petition for federal habeas corpus relief was January 31, 2011; however, the petition for post-conviction he filed on January 10, 2011, tolled the one year filing deadline while it was pending. When the post-conviction court denied relief and the decision became final, Wilkins had 21 days left to file for federal habeas relief moving the filing deadline to August 29, 2011. There were no post-conviction proceedings pending during the 21

---

[1] Wilkins included a letter with the application for leave to appeal stating that it was late because of the way the post-conviction court addressed his petition and he was proceeding pro se. ECF No. 6 at Ex. 3, p. 1. The application for leave to appeal sought an order requiring the post-conviction court to "fully litigate the issues with some precision" in accordance with Md. Rule 4-407(a). *Id.* at p. 3.

2

days the federal habeas filing deadline began to run again. The instant petition was filed on March 4, 2013.

Wilkins does not assert that his petition falls within any of the exceptions noted in 28 U.S.C. § 2244(d).[2] Rather, he asserts he is entitled to an equitable tolling of the statute of limitation. To be entitled to equitable tolling, Wilkins must establish that either some wrongful conduct by respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000). Attorney error is not an "extraordinary circumstance." *See Taliani v. Chrans*, 189 F. 3d 597, 598 (7th Cir. 1999) (lawyer's miscalculation of limitations period is not a basis for equitable tolling); *Sandvik v. United States*, 177 F. 3d 1269, 1272 (11th Cir. 1999) (lawyer's decision to mail petition by ordinary mail instead of expedited delivery not basis for equitable tolling). "[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." *Harris*, 209 F. 3d at 331. *But see Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2555–60 (2010) (petitioner's numerous letters of inquiry

---

[2] That section provides that the one-year period of limitation shall run from the latest of –

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the constitution or lase of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

to attorney coupled with attorney's failure to keep petitioner informed, sufficient for equitable tolling).

Wilkins claims he received confusing advice from the Office of the Public Defender, Appellate Division. ECF No. 8 at p. 2. He states he was told that he had ten years to file for post-conviction relief. Wilkins further claims that when he contacted the Collateral Review Division of the Public Defender's Office, he was advised their office was "overloaded with cases," that he should file a petition for post-conviction relief pro se, and that an attorney would represent him. Wilkins asserts the instructions he received were incorrect and that he should have been told to immediately file a petition for post-conviction relief following his direct appeal, in order to toll the one-year federal habeas time limit. *Id*. He claims that the incorrect advice provided by the Appellate Division, coupled with the Collateral Review Division's refusal to provide assistance and his lack of knowledge about the law, resulted in his inability to "make the time toll." *Id*.

Wilkins does not provide evidence that he was advised improperly. The advice he received regarding the filing deadline for state post-conviction relief is an accurate statement of Maryland state law. *See* Md. Crim. Proc., Code Ann. § 7-103(b). Additionally, the information Wilkins states was provided to him by the Collateral Review Division does not translate to a refusal to assist him. In fact, Wilkins admits he was represented by the public defender's office at post-conviction and Wilkins was granted partial relief. The instant case falls far short of the facts supporting an equitable tolling of the filing deadline found in *Holland*, 130 S. Ct. at 2555, where the petitioner was relentless in his efforts to insure his right to file for federal habeas relief was preserved, but those efforts were thwarted by the apparent apathy and gross negligence of his court-appointed counsel. By contrast, Wilkins simply states he should have been advised to

4

immediately file for post-conviction relief following his direct appeal. The absence of any evidence indicating diligence on Wilkins' part to first determine when a federal habeas petition must be filed, and then to inquire of post-conviction counsel how to preserve his right to file for federal relief, indicates that equitable tolling of the filing deadline is unwarranted in this case.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Wilkins has not satisfied this standard; therefore, a certificate of appealability shall not issue.

Accordingly, by separate order which follows the petition shall be dismissed as untimely and a certificate of appealability shall be denied.

10/24/13
Date

Paul W. Grimm
United States District Judge